IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

MARK ANTHONY BECKFORD,

Defendant.

CRIMINAL FILE NO.
1:09-CR-263-1-TWT

## OPINION AND ORDER

This is a criminal action.   It is before the Court on the Defendant's Motion
for Compassionate Release [Doc. 378]. On June 15, 2010, a federal grand jury
sitting in the Northern District of Georgia returned a third superseding indictment
charging Beckford and co-defendant Randy Vana Haile with conspiracy to
distribute cocaine and marijuana, in violation of 21 U.S.C. § 846 (Count One);
attempted possession of cocaine with intent to distribute, in violation of 21 U.S.C.
§§ 841(a)(1) and 846 (Count Two); attempted possession of marijuana with intent
to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count Three);
possession of firearms, to wit: (a) one SWD, Model M-11, 9 millimeter machine
gun; (b) one Norinco SKS 7.62 caliber rifle; (c) One Norinco SKS 7.62 caliber

rifle; (d) One Glock GMBH, Model 21, .45 caliber handgun; and (e) One Taurus,

Model PT 24/7, .40 caliber pistol, in furtherance of drug trafficking crimes, in

violation of 18 U.S.C. §§ 2 924(c)(1)(A), 924(c)(1)(B)(i), 924(c)(1)(B)(ii) and 2

(Count Four); possession of a firearm with an obliterated serial number, in

violation of 18 U.S.C. § 922(k) (Count Six); and, possession of an unregistered

machine gun, in violation of 26 U.S.C. § 5841 (Count Seven). (Doc. 112). On

September 14, 2010, the jury returned a verdict finding Beckford guilty on all

counts in which he was charged, i.e., Counts One, Two, Three, Four, Six and

Seven. (Doc. 174). The Court sentenced Beckford to 438 months of imprisonment

on December 17, 2018. (Doc. 189.) On June 19, 2012, the Eleventh Circuit

affirmed Beckford's convictions on Counts One, Two, Three, Four, and Seven, but

reversed Beckford's conviction on Count Six. *United States v. Haile*, 685 F.3d

1211, 1224 (11th Cir. 2012). The Eleventh Circuit affirmed Beckford's sentence,

noting that because his sentence on Count Six was to run concurrently with his

sentence on the remaining counts, there was no resulting change to the 438-month

sentence imposed by the district court. *Id.* at 1224.   On November 9, 2016, the

parties entered into a post-trial plea agreement in which the government agreed to

strike the machine gun listed in the indictment. The parties agreed that Beckford's

sentence would be reduced to 240 months imprisonment. The court amended

Beckford's Judgment and Commitment to a sentence of 240 months imprisonment. He is currently incarcerated with a projected release date of May 20, 2026.

Under 18 U.S.C. § 3582(c)(1)(A)(i), the district court "may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to statutory authority, the Sentencing Commission issued a policy statement at § 1B1.13 to govern compassionate release. That statement requires additionally that the court find "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Even if the defendant establishes "extraordinary and compelling reasons," § 3582 leaves it to the district court's discretion whether to reduce the sentence. The court must consider the § 3553(a) factors to determine if any reduction would be appropriate. *See, e.g., United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). On each point, the inmate bears the burden of proof. *See, e.g., United States v. Rodriguez-Orejuela*, No. 03-CR-20774, 2020 WL 2050434, at *5 (S.D. Fla. Apr. 28, 2020) ("In seeking a reduced sentence under this framework, the defendant 'bears the burden of establishing that compassionate release is warranted.'").

3

As set forth in the Government's Response, the Department of Justice has taken many steps to protect the health and safety of federal inmates during this pandemic. In 2021, BOP began vaccinating inmates against the coronavirus. As of the date of the Government's Response, the BOP has administered 261,663 doses of the vaccine to inmates and staff. At FCI Jesup, where Beckford is serving his sentence, 151 staff and 1,095 inmate inoculations have been completed. Beckford has failed to meet his burden to show that "extraordinary and compelling reasons" particular to him since he has received both doses of Moderna's COVID-19 vaccine.

The mere existence of the COVID-19 pandemic "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). District courts "cannot release every prisoner at risk of contracting COVID-19 because [they] would then be obligated to release every prisoner." *United States v. Wright*, 2020 WL 1976828, at *5 (W.D. La. Apr. 24, 2020). Instead, "courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va.

Apr. 10, 2020).

Any concerns about Beckford's medical conditions and his risk due to COVID-19 are contravened by the fact that he has received Moderna's COVID-19 vaccine. Beckford does not dispute that that vaccine is highly effective at preventing infection. Judges in this district and numerous courts around the country have repeatedly denied compassionate release where an inmate has been vaccinated. *See, e.g., United States v. Baez-Ubiera*, 1:10-cr-00244-LMM-LTW, Doc. 84, at 8 (N.D. Ga. Apr. 12, 2021); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("a defendant's incarceration during the COVID-19 pandemic— when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction. . . . to the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19.'"). Thus, the motion should be denied.

In addition, the §3553(a) factors do not support reducing Beckford's sentence. Beckford is in prison for the serious offense of possessing multiple firearms, including a machine gun, while purchasing large amounts of drugs. As the Eleventh Circuit noted, "Beckford attempted to possess and distribute a large quantity of drugs...and equipped himself with tools for violence." *Haile*, 685 F.3d

5

at 1222. Because of that serious conduct, he received a sentence of 36.5 years imprisonment following his trial. He has already received a substantial reduction of 16.5 years when the Court amended his sentence at the government's recommendation in 2016. But even with good time credits, Beckford is not scheduled for release for another four and a half years. Reducing his sentence to time served when he has only served 72% of the already substantially reduced sentence would fail "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Such a reduction would minimize both the punitive and deterrent effects of his sentence. Additionally, a sentence of time served creates an unjust sentencing disparity with his co-defendant Haile, who received the same sentence as Beckford despite Beckford's more integral role in the offense. The Defendant's Motion for Compassionate Release [Doc. 378] is DENIED.

SO ORDERED, this  25th  day of January, 2022.

THOMAS W. THRASH, JR.
United States District Judge